**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **O'KEITH LAVAR ADAMS, 744361,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-3855-B** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

## II. Background

On March 1, 1996, Petitioner was convicted of murder and was sentenced to ninety-nine years in prison. *State of Texas v. O'Keith Lavar Adams*, No. F94-58388-RV (292nd Jud. Dist. Ct., Dallas County, Tex., March 1, 1996). On December 11, 1997, Petitioner's conviction and sentence were affirmed on direct appeal. *Adams v. State*, No. 05-96-00491-CR (Tex. App. – Dallas, 1997, pet. ref'd). On April 29, 1998, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0471-98.

On March 22, 2009, Petitioner filed a state habeas petition. *Ex parte Adams*, No. 77,086-01. On November 7, 2012, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 16, 2013, Petitioner filed this federal petition for habeas relief. Petitioner argues:

1. The trial court erred when the court:

    (a) omitted the required mental state from the jury instructions;

    (b) failed to apply the law to the facts; and

    (c) instructed the jury they could find Petitioner guilty of murder if he shot "recklessly";

2. He received ineffective assistance of counsel when counsel:

    (a) failed to object to the erroneous jury charge;

    (b) failed to conduct a proper investigation, interview witnesses before trial, request a competency hearing and present mitigating evidence;

    (c) failed to cross-examine key witnesses during trial;

    (d) failed to object to a coerced confession;

    (e) failed to object to an improper indictment; and

    (f) failed to object to statements made at his trial

On November 25, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. On January 28, 2014, Petitioner filed a response and on April 11, 2014, Petitioner supplemented his petition with a copy of the objections he filed to the state habeas court's findings and conclusions. The Court now finds the petition should be dismissed as time-

barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On April 29, 1998, the Texas Court of Criminal Appeals denied Petitioner's petition for

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

discretionary review. The conviction became final ninety days later, on July 28, 1998. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until July 28, 1999, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 22, 2009, Petitioner filed his first state habeas petition. The petition, however, did not toll the limitations period because it was filed after the AEDPA limitations period expired.

Petitioner was required to file his § 2254 petition by July 28, 1999. He did not file his petition until September 16, 2013. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because his attorney never informed him that his case was affirmed on appeal. He states he did not learn that his case was affirmed until June 24, 2008, after he contacted the state court. (*Ex parte Adams* at 5.) Even if the Court granted Petitioner equitable tolling until June 24, 2008, however, his federal petition would still be untimely.[2] The petition would be due one year from June 24, 2008, or on June 24, 2009. On March 22, 2009, Petitioner filed a state habeas petition. This petition would have tolled the limitations period for 1,326 days, until it was denied on November 7, 2012. When 1,326 days are added to the June 24, 2009, deadline, Petitioner's new deadline would be February 11, 2013. Petitioner, however, did not file his federal petition until September 16, 2013. The petition is therefore untimely.

Petitioner also argues that the AEDPA limitations period should not apply to him because he was convicted prior to enactment of the AEDPA. Petitioner was convicted on March 1, 1996, and the AEDPA was enacted on April 24, 1996. The AEDPA, however, applies to all § 2254 petitions filed after its April 24, 1996 enactment. *See Lindh*, 521 U.S. at 336. For those cases that became final prior to its enactment, petitioner's are granted one year from its April 24, 1996 enactment to file their § 2254 petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). In this case, however, Petitioner's conviction did not become final until July 28, 1998. The Court properly used this later date to determine the timeliness of Petitioner's petition. Petitioner has failed to show he is entitled to equitable tolling in this case.

---

[2]On state habeas review, the court found defense counsel's statement that he timely informed Petitioner that his conviction had been affirmed and that his PDR was denied was "credible and worthy of belief." (*Ex parte Adams Sup*. at 11.)

**<u>RECOMMENDATION</u>**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 19th day of May, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).